UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4807

CLYDE WALLACE JACKSON, JR., a/k/a
Hondo,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-97-310)

Submitted: January 18, 2000

Decided: February 4, 2000

Before LUTTIG, MOTZ, and KING, Circuit Judges.

_____

Remanded with instructions by unpublished per curiam opinion.

_____

**COUNSEL**

Scott E. Jarvis, SCOTT E. JARVIS & ASSOCIATES, Asheville,
North Carolina, for Appellant. Brian Lee Whisler, OFFICE OF THE
UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Clyde W. Jackson appeals from his conviction by guilty plea to conspiracy to possess with intent to distribute crack cocaine, 21 U.S.C. § 846 (1994), for which he was sentenced to 102 months imprisonment. The judgment and commitment order was entered September 24, 1998. On November 3, 1998, the district court received a pro se notice of appeal from Jackson. No extension of time to appeal was granted by the district court and Jackson did not request an extension of time.

In criminal cases, a defendant must file his notice of appeal within ten days of the entry of judgment. See Fed. R. App. P. 4(b). With or without a motion, the district court may grant an extension of this time of up to thirty days upon a showing of excusable neglect. See Fed. R. App. P. 4(b)(4); United States v. Reyes , 759 F.2d 351, 353 (4th Cir. 1985). If the defendant files his notice of appeal outside the ten-day appeal period, but within the thirty-day extension period, the district court must make factual findings concerning whether there was excusable neglect which warrants an extension of the appeal period. See id.

Jackson filed his notice of appeal thirty-nine days after the district court entered its judgment and commitment order. While this filing was after the ten-day limit, it was within the thirty-day extension period applicable upon a showing of excusable neglect. Because Jackson filed his notice of appeal outside the ten-day appeal period, but within the thirty-day extension period, and because the district court made no finding as to excusable neglect, we remand this case to the district court with instructions to make factual findings concerning whether there was excusable neglect which warrants an extension of the ten-day appeal period.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED WITH INSTRUCTIONS

3